United States District Court
District of South Carolina

| | |
|---|---|
| Tressa R. Glover, *aka* Tressa R. Glover Parker, ) | C/A No. 5:06-1134-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | **Report and Recommendation** |
| vs. ) | |
| ) | |
| Teresa Phillips Williams, et al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Tressa R. Glover Parker (hereafter "Plaintiff"), files this action *pro se*, and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Plaintiff has filed eight prior actions in this Court since August 2004. See Glover v. Rogers Townsend, et al., 5:04-21902-JFA-BM (D.S.C. 2004, hereafter "***Glover One***"); Glover v. Citifinancial, et al., 5:04-22057-JFA-BM (D.S.C. 2004, hereafter "***Glover Two***"); Glover Parker v. Orangeburg Consolidated School District Five, et al., 5:04-22938-JFA-BM (D.S.C. 2004, hereafter "***Glover Three***"); Glover Parker v. Organgeburg Consolidated School District Five, 5:05-1207-JFA-BM (D.S.C. 2005, hereafter "***Glover Four***"); Glover Parker v. Sherman Acquisitions, et al., 5:05-3102-JFA-BM (D.S.C. 2005, hereafter "***Glover Five***"); Glover Parker, et al., v. Wachovia Bank, et al, 5:05-3158-JFA-BM (D.S.C. 2005, hereafter "***Glover Six***"); and Glover Parker v. Orangeburg County Law Enforcement, et al, 5:05-3282-JFA-BM (D.S.C. 2005, hereafter "***Glover Seven***"); Glover Parker v. The State of South Carolina, et al, 5:05-3285-JFA-BM (D.S.C. 2005, hereafter "***Glover Eight***"). This Court may take judicial notice of its own records in these prior cases. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First



National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

In *Glover One*, the Complaint consisted of a standard *pro se* complaint form with more than twenty pages of various attachments, including court records from a foreclosure action pending in the Orangeburg County Court of Common Pleas.  The Plaintiff appeared to allege some species of fraud in the mortgage foreclosure.  The Plaintiff filed an Application to Proceed Without Prepayment of Fees (Form AO-240), also known as an application to proceed *in forma pauperis*, but failed to provide information sufficient to evaluate the Form AO-240.  The undersigned filed an order directing the Plaintiff to provide the missing financial information and also to supply this Court with necessary service papers (summons forms and USM-285 forms) to bring the case into "proper form."  The USM-285 forms are required to accomplish service upon defendants in cases proceeding *in forma pauperis*.  See 28 U.S.C. § 1915(d).  Without the USM-285 forms, the United States Marshals are unable to effect service of process.  The Plaintiff never responded to the order.  On October 1, 2004, the Honorable Joseph F. Anderson, Chief United States District Judge for the District of South Carolina, dismissed *Glover One* without prejudice.

Two weeks after filing *Glover One* in August 2004, the Plaintiff filed *Glover Two*. This Complaint consisted of a standard *pro se* complaint form accompanied by single-spaced typewritten notes and memos along with attachments, including amortization schedules and copies of newspaper legal notices – a total of thirty-three (33) pages.  The matter at issue appeared to be the same mortgage foreclosure with additional allegations of attorney fraud or malpractice.  The Plaintiff sought to proceed *in forma pauperis* but again failed to provide information sufficient to evaluate her application (Form AO-240). The undersigned filed an order directing the Plaintiff to provide the missing financial



information and also to supply this Court with summons and USM-285 forms. The Plaintiff never responded to the order. On October 5, 2004, Chief Judge Anderson dismissed *Glover Two* without prejudice.

*Glover Three* was commenced on November 9, 2004. Plaintiff filed a standard *pro se* Complaint form, this time without voluminous attachments. In the margins of the Complaint form, the Plaintiff wrote the names of the Defendants and assigned (with green highlighting) the numbers 1 through 36. Only four of the thirty-six (36) Defendants were mentioned in the narrative text of the Complaint. The "Statement of Claim" requested Plaintiff's prior cases be re-opened and the allegations apparently related to the same mortgage foreclosure proceedings. Plaintiff also attached a form used by the United States Equal Employment Opportunity Commission (EEOC), alleging sexual harassment and retaliation by Orangeburg Consolidated School District Five. The significance of the form and its relation to Plaintiff's underlying claim was not clear. Under Ellis v. United States, 356 U.S. 674 (1958), the undersigned recommended that Plaintiff's application to proceed *in forma pauperis* be denied in a Report on January 7, 2005. On February 15, 2005, Plaintiff paid the filing fee and summons forms were issued. Several Defendants appeared and filed motions for dismissal. Under Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), orders were filed notifying Plaintiff of the pending motions and advising her that a response was required. On August 17, 2005, the undersigned filed a Report recommending that the Defendant's motions to dismiss be granted. The Report further recommended that Plaintiff's claim contesting the results of her State mortgage foreclosure action be dismissed with prejudice, while any other claims be dismissed without prejudice. On October 11, 2005, Judge Anderson adopted the Report and dismissed *Glover Three*.



Plaintiff retained counsel and filed an employment discrimination action in *Glover Four* on April 25, 2005. Counsel's motion to withdraw as counsel of record, which was opposed by Plaintiff, was granted on May 30, 2006, and Plaintiff proceeded *pro se*. On June 30, 2006, Chief Judge Anderson issued a Rule to Show Cause why Plaintiff should not be held in contempt for serving a document presented as an order of this Court which was not issued by this Court. Plaintiff retained counsel only for the hearing on July 13, 2006, and Chief Judge Anderson issued an order on July 14, 2006, enjoining Plaintiff "from serving or causing to be served any bogus documents purporting to be court orders; from issuing subpoenas, writs, processes or judgments in fictitious cases; and from failing to follow the standard procedure for having subpoenas issued and served in this district." The order also placed a "stay [on] any activity in the case for 30 days so that the respondent [Plaintiff] can be evaluated for competency purposes." *Glover Four* is pending before this Court.

On November 2, 2005, Plaintiff filed *Glover Five*, an action against several parties involved in her then-pending bankruptcy case. See In re: Tressa Renae Glover, BR Action No. 04-8700-B. On November 23, 2005, the undersigned filed a Report recommending summary dismissal because this Court has no jurisdiction over matters that should be raised in a pending bankruptcy proceeding. On December 27, 2005, Chief Judge Anderson adopted the Report finding the case frivolous and dismissed *Glover Five* without prejudice.

On November 9, 2005, a week after filing her fifth lawsuit, Plaintiff – and another party who did not sign the pleading – commenced *Glover Six*. The Complaint contained

4



no specific allegations whatsoever with regard to the majority of the named Defendants. Plaintiff alleged a "conspiracy" among other Defendants, but failed to specify the relief sought in this Court. Defendant Wachovia Bank, which was sued with regard to a State court foreclosure, could not be brought into this Court with regard to that proceeding because of the Rooker-Feldman doctrine. On November 23, 2005, the undersigned filed a Report recommending summary dismissal. On December 27, 2005, Chief Judge Anderson adopted the Report finding the case frivolous and dismissed *Glover Six* without prejudice.

*Glover Seven* and *Glover Eight* were filed the same day, November 23, 2005. In *Glover Seven* the Complaint vaguely alleged discrimination by the Defendants, but the incomplete sentences and phrases do not make specific allegations against any of the named Defendants. The undersigned filed a Report recommending summary dismissal and denial of the request to proceed *in forma pauperis*. On December 27, 2005, Chief Judge Anderson adopted the Report finding the case frivolous and dismissed *Glover Seven* without prejudice. In *Glover Eight* Plaintiff sued many of the same Defendants named in *Glover Seven* and vaguely alleged conspiracy, discrimination and harassment, possibly in relation to the State's investigation into her allegations of employment discrimination. Plaintiff, however, provided no specific factual allegations against any of the named Defendants, other than vague allegations against the State. The Defendant State of South Carolina has immunity from suit under the Eleventh Amendment. The undersigned filed a Report recommending summary dismissal and denial of the request to proceed *in forma pauperis*. On December 27, 2005, Chief Judge Anderson adopted the



Report finding the case frivolous and dismissed **Glover Eight** without prejudice.

The Complaint in the above captioned case, **Glover Nine**, names more than one hundred and fifty (150) Defendants. Plaintiff has again filed a *pro se* Complaint containing no specific allegations against the vast majority of the named Defendants. The Complaint, similar to prior cases, alleges fraud in a State foreclosure proceeding, which then apparently developed into State eviction proceedings. Plaintiff filed a letter dated May 1, 2006, requesting to amend the complaint to include additional information, and asks the Court to enforce the Order of October 11, 2005 dismissing **Glover Three**. In Plaintiff's prior case, **Glover Six**, the Report and Recommendation, adopted by the Court, explained that State court rulings could not be set aside in a civil rights action filed in federal Court based on the Rooker-Feldman Doctrine.

The Statement of Claim in the Complaint states:

> Real estate property was sold without consent via fraud. Judgement in civil case 04:cv22938-17-BD dated 10/11/05 confirmed property that was an asset in a Ch. 13 bankruptcy case could not be sold by anyone's discretion, but the Trustee. Trustee did not order; legitimate mortgage holder, Washington Mutual Home Loans, did not foreclose nor initiate any adverse actions against property. Obg. County Master of Equity, O. Davie Burdorph was notified by judgement and by the lien holder Washington Mutual Home Loans said not to sell the property. They also stated that they had no affiliation with Wachovia or non-existent Long Beach Mortgage Company. Washington Mutual issued statement and new loan servicing letter deferring payments outside of Chapter 13 bankruptcy plan until May1, 2006. The servicing statement was dated 8/22/2005 following an 8/20/2006 review date of the loan. See Exhibit A1. Master of Equity, O. Davie Burdorph, disregarded the legitimate mortgage holder and sold the property on 9/6/2005 alleging Wachovia as the mortgage holder illegally. He also disregarded the Judgement issued by the United States District Court dated October 11, 2005. I was unaware of the sale confirmation. Wachovia paid/issued the Deed and Title to WaMuHL for me, by paying off the mortgage following mortgage fraud. See Exhibit A2. The Master of Equity accepted payment from the Edisto Habitat For Humanity or donated my home to that organization. Lt. Felder attempted to deliver eviction on



> 2/25/2006 from Att. Jay Anderson; Cindy Looney attempted to deliver loan servicing information from Rogers Townsend & Thomas. Both were alleging Wachovia as the lien holder. I declined notice on 4/4/06 for Wachovia; and Hearing Notice for Citifinancial. He appeared on 4/11/2006 with local moving individuals with fraudulent eviction papers from Wachovia and forced me and my family to move from my home. See Appendix 1.

In the Relief section of the Complaint, Plaintiff requests the return of her home; money damages; prosecution of specific people; "dismissal" of "public officials;" and disbarment of attorneys, law firms and brokers.

On July 14, 2006, Judge Anderson issued an order in **Glover Nine**, applying the thirty (30) day stay of activity imposed in **Glover Four** to add thirty (30) days in **Glover Nine** to the one hundred and twenty (120) days allowed to serve cases under Rule 4 of the Federal Rules of Civil Procedure. This Report and Recommendation is made prior to issuance of the summons in this case because the case is not in proper form for service, with service papers not having been provided by the Plaintiff, and because the frivolous Complaint does not require a response by Defendants to determine that the case should be dismissed pursuant to 28 U.S.C. § 1915.

## DISCUSSION

The Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure

7



in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

Plaintiff requests relief which cannot be granted. The ownership of Plaintiff's home has been established in State court proceedings, which cannot be "overturned" by this Court pursuant to the Rooker-Feldman Doctrine. The Complaint also requests that several individuals be prosecuted, however, "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Relief in the form of "dismissal" of "public officials" is also requested in the Complaint. The "public officials" listed as Defendants are either governmental employees or individuals elected to office, and this Court has no jurisdiction to terminate the employment of a local or State government employee or remove from office an elected official. The Complaint also requests "disbarment" of attorneys, law firms and brokers. This Court does not have jurisdiction over proceedings to revoke a license issued by a State licensing authority.

Plaintiff's May 1, 2006 "amendment" seeking "enforcement" of the Order issued in *Glover Three*, is also relief that is not available. Plaintiff states her incorrect belief that the "Order dated October 11, 2005 for case number 05 CV 22938 17BD from The United States District Court demanded that the mortgage holder, Citfinancial Mortgage, dismiss the (illegal) state foreclosure as a result of mortgage fraud." In fact, the referenced order adopted the Report of the Magistrate Judge granting several Defendants' motions to dismiss for lack of jurisdiction based on the fact Plaintiff had a pending bankruptcy case in

8



which challenges to foreclosure proceedings should have been brought. The referenced order did not require the dismissal of State foreclosure proceedings, but did dismiss with prejudice Plaintiff's claim contesting the results of her State mortgage foreclosure action. In as much as Plaintiff is attempting in this case to have the October 11, 2005 order of this Court "enforced" to "dismiss" State foreclosure proceedings and bring "reversal" of State eviction proceedings, she misinterprets this Court's order. No such "enforcement" is available, and "enforcement" of the Order, in fact, requires dismissal of any claim contesting Plaintiff's State mortgage foreclosure action.

Finally, Plaintiff fails to state a claim for which monetary damages can be granted. Plaintiff's Statement of Claim attempts once again to bring a claim for fraud in relation to State foreclosure proceedings, with the addition of claims apparently related to State eviction proceedings. Plaintiff continues to attempt to reverse decisions in State court proceedings by filing civil actions in this District Court, which is prohibited from reviewing State court decisions under the Rooker-Feldman Doctrine. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1983). As previously explained in *Glover Six*, to the extent Plaintiff seeks damages for actions taken by Defendants in State court real estate foreclosure and/or State court eviction proceedings, the proceedings and rulings made in the State courts cannot be reviewed or set aside by the United States District Court for the District of South Carolina. Plaintiff should raise her claims for fraud in the court where the alleged fraud occurred, and if unsuccessful there, then Plaintiff should appeal within the State court system. The Rooker-Feldman Doctrine was explained in more detail in Plaintiff's prior case, *Glover Six*, and yet, Plaintiff continues to file cases based on alleged fraud in State



court proceedings. The Complaint fails to state a claim on which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915.

Not only is the Complaint subject to dismissal for the same reasons as set forth in *Glover Six*, but the Plaintiff is precluded from bringing a claim contesting the result of her State mortgage foreclosure based on the doctrine of *res judicata*. In *Glover Three*, Judge Anderson's October 11, 2005 order adopts the recommendation of the Magistrate Judge, which includes dismissal of Plaintiff's claim contesting the results of her state mortgage foreclosure action **with prejudice**. This precludes the claim from being litigated again in future cases. The legal doctrine of *res judicata* includes both issue preclusion and claim preclusion. The Fourth Circuit, in Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002), discusses and distinguishes both concepts, stating that "while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment." Judge Anderson's order in *Glover Three* was not appealed. The final judgment in *Glover Three* is valid and precludes any future claim by Plaintiff challenging the same State mortgage foreclosure action. *See also* Slack v. McDavid, 529 U.S. 473, 478 (2000) ("Federal Courts do however retain broad powers to prevent duplicative or unnecessary litigation.") Finally, in as much as *Glover Nine* contests the results of the State mortgage foreclosure action involving Plaintiff, that claim should be dismissed based on *res judicata*.

## DENY PROCEEDING *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In Dillard



v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit has held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. Graham v. Riddle, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915). "In the absence of some evident improper motive the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958).

See also Liles v. South Carolina Dept. of Corrections, 414 F.2d 612, 613 (4th Cir 1969); U. S. v. Gregg, 393 F.2d 722, 723 (4th Cir.1968). Under Ellis, however, "good faith" allows only for the presentation of issues that are not plainly frivolous. The Plaintiff's Complaint fails to set forth any claims cognizable in this Court, and, in fact, alleges claims Plaintiff has previously been instructed are not properly filed in this Court. It is hard to believe Plaintiff could have a "good faith" expectation that her claims have merit, since they have repeatedly been dismissed. Therefore, it is recommended that the Plaintiff's Motion to proceed *in forma pauperis* be denied.

In effect a denial of *in forma pauperis* status can be the equivalent of an involuntary dismissal. In Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990), the United States Court of Appeals for the Sixth Circuit addressed this specific question and determined that such a ruling cannot be issued by a magistrate judge upon referral of pretrial matters (as is the present case):

> Although section 636(b)(1)(A) does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority....A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action. 28 U.S.C. § 636(b)(1)(A).



894 F.2d at 187-188 (footnotes omitted).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(i)[frivolous].

It is further recommended that Plaintiff's Application to Proceed Without Prepayment of Fees be denied, and she be required to pay the Three Hundred and Fifty Dollar ($350) filing fee in this case.

The plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

August 24, 2006
Columbia, South Carolina



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
